## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT INSELBERG, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | NO. |
| vs. | : | |
| | : | ASSIGNED TO: |
| STATE FARM MUTUAL | : | |
| AUTOMOBILE INSURANCE | : | |
| COMPANY, d/b/a and t/a | : | |
| STATE FARM, | : | |
|     Defendant | : | JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorneys, Forry Ullman, files the following Notice of Removal:

1. A Complaint in the above-captioned civil action was filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, on March 22, 2023. The Complaint was electronically filed with the Court and served upon State Farm by certified mail and received on April 4, 2023.

2. The Complaint was docketed as Philadelphia County Court of Common Pleas No. 230302522. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

3. The Complaint alleges that Plaintiff, Robert Inselberg, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 1221 W.

Ritner Street, Philadelphia, Philadelphia County, Pennsylvania, as of the date of the filing of the Complaint. It is further believed that Plaintiff remains a citizen of the Commonwealth of Pennsylvania, as of the date of the filing of this Petition for Removal. (Plaintiff's Complaint at ¶ 1)

4. The Complaint further alleges that Plaintiff maintained automobile insurance coverage with State Farm, identified as Policy No. 231 2609-E15-38W, (hereinafter the "Policy"), which provided underinsured motorist ("UIM") benefits to Plaintiff, with full fort, in the amount of One Hundred Fifty Thousand Dollars ($150,000.00). (Id. at ¶ 8 and 9)

5. Plaintiff avers that on or about October 8, 2021, he was a passenger in a commercial motor vehicle owned by Sysco Leasing Company, (who did not maintain underinsured motorist coverage), when the vehicle he was riding in, on I-76, in Philadelphia, was negligently and carelessly struck by a motor vehicle operated and owned by tortfeasor, Elliot R. Thompson ("tortfeasor"), who was operating an underinsured vehicle that was registered in New Jersey. (Id. at ¶ 3 through 7)

6. The Plaintiff further avers that, as a result of the motor vehicle accident, Plaintiff:

- "sustained multiple injuries, including, but not limited to, thoracic and lumbar strain and sprain with intercostal neuralgia secondary to lateral

flexion and extension type injury; pain radiating into his chest, rib cage, right flank, abdomen, bilateral buttocks and right lower extremity; somatic dysfunction of the thoracic region; pain in the thoracic spine; muscle spasm of the back; somatic dysfunction of the lumbar region; pain, stiffness and decreased range of motion in his low back; injury to his right knee; cuts/abrasions to his right arm; headaches; dizziness; fatigue; and difficulty sleeping, some or all of which Plaintiff has been advised may be permanent in nature.";

- "has undergone great physical pain and will continue to endure the same to his great detriment and loss.";

- "has been obliged to expend and incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and Plaintiff Robert Inselberg may be compelled to expend and/or incur additional sums for such medical attention.";

- "was unable to attend to his daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which Plaintiff may continue to suffer for an indefinite time in the future."; and,

- "has or may suffer severe loss because of expenses which have been

or may be reasonably incurred, including, but not limited to, obtaining ordinary and necessary services in lieu of those which Plaintiff would have performed, not for income but for the benefit of himself."

(Id. at ¶15 through 19)

7. The Complaint contends that on September 12, 2022, Plaintiff sought permission from State Farm to settle a third-party claim for the tortfeasor's full policy limits in the amount of $100,000.00 and State Farm consented to the settlement and waived subrogation rights via a letter dated September 16, 2022. (Id. at ¶ 20 and 21)

8. The Complaint further contends that on October 13, 2022, State Farm forwarded a letter to Plaintiff's counsel advising its evaluation of the claim was concluded and "State Farm confirmed that there was no primary underinsured motorist coverage, thereby making Defendant State Farm liable to provide underinsured motorist benefits. The only requested additional documentation pertained to Plaintiff's workers' compensation lien." (Id. at ¶ 23.)

9. Plaintiff avers he provided State Farm with documentation reflecting a potential lien of $47,301.53. Further, "despite the documentation of Plaintiff's significant and ongoing injuries, the reasonableness and necessity of treatment, and documentation of an approximated workers' compensation lien, Defendant State

Farm offered Plaintiff $10,000.00 in full and final settlement of his underinsured motorist claim." (Id. at ¶ 23 and 24)

10. The Complaint further avers that "(O)n or about December 12, 2022, Plaintiff advised Defendant State Farm its offer of $10,000.00 was inadequate, as it did not take into account Plaintiff's full tort status, the sizeable workers' compensation lien, and the nature and extent of Plaintiff's injuries." Then, "(O)n January 27, 2023, after a brief conversation with Plaintiff's counsel, Defendant State Farm increased its offer of settlement to $20,000.00." (Id. at ¶ 25 through 29)

11. The Complaint alleges that "(O)n February 2, 2023, Defendant State Farm advised it would not be sending Plaintiff a check for the $20,000.00 offer it had made, as requested by Plaintiff. Rather, Plaintiff was advised it was State Farm's practice to advance only the initial offer once an impasse in settlement negotiations is reached. A check in the amount of only $10,000.00 was subsequently forwarded to Plaintiff, as a partial payment towards a final resolution." (Id. at ¶ 34)

12. The Complaint further alleges that "(F)rom September 12, 2022, when Plaintiff first made claim for underinsured motorist benefits, to March 14, 2023, Defendant State Farm never advised Plaintiff it required an Statement Under Oath in order to evaluate Plaintiff's claim. The request by Defendant State

Farm for a Statement Under Oath of Plaintiff on March 14, 2023, and not before, was part of State Farm's routine practice to delay the adjustment and resolution of underinsurance claims like that made by Plaintiff." (Id. at ¶ 39)

13. Plaintiff contends "Moreover, Defendant State Farm's reservation of the right to depose Plaintiff in any subsequent lawsuit pertaining to Bad Faith is evidence Defendant State Farm never intended to amicably resolve the lawsuit for a fair and reasonable amount after obtaining a Statement Under Oath, but rather to obtain an advantage in future litigation it anticipated pertaining to Plaintiff's claim for underinsured motorist benefits and for bad faith." (Id. at ¶ 41)

14. Plaintiff further contends that State Farm "has undertaken a course of action in delay which is intentional, willful, wanton and reckless, having been designed to unilaterally, and without justification, delay and refuse to fairly and reasonably evaluate Plaintiff's claim for underinsured motorist benefits in contradiction to the terms of the applicable insurance policy, the Pennsylvania Motor Vehicle Financial Responsibility Law, and the case law of the Commonwealth of Pennsylvania.

15. The Complaint contains three Counts: Count I – Breach of Contract; Count II – Bad Faith, pursuant to 42 Pa.C.S. §8371, wherein Plaintiff demands compensatory and punitive damages, together with interest, attorney's fees and such other relief as the Court deems appropriate; and, Count III – Unfair Trade

Practices and Consumer Protection Law, wherein Plaintiff demands judgment against State Farm in an amount in excess of Fifty Thousand Dollars ($50,000.00), including, but not limited to, punitive damages, compensatory damages and delay damages, as appropriate.

16. Defendant State Farm is an Illinois corporation in the business of insurance, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710, at the time of the commencement of this action as well as at the time of the filing of this Petition for Removal.

17. Thus, for purposes of diversity jurisdiction, State Farm is a citizen of the State of Illinois.

18. State Farm is filing this Notice of Removal in that diversity of citizenship exists between Plaintiff, a citizen of Pennsylvania, and State Farm, a citizen of Illinois.

19. In addition, based upon the allegations of Plaintiff's Complaint, the amount in controversy exceeds the jurisdictional amount of $75,000.00.

20. Moreover, Section 8371 provides that a court may award punitive damages, interest, costs, and attorney's fees if it determines that an insurer acted in bad faith toward the insured.

21. Although State Farm vigorously disputes punitive damages are warranted in this matter, punitive damages are properly considered in determining

whether the amount in controversy has been satisfied. <u>Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala.</u>, 64 S.Ct. 5 (U.S. Ala. 1943); <u>Henderson v. Nationwide Mutual Ins. Co.</u>, 169 F.Supp.2d 365, 368 (E.D.Pa. 2001)(attorney's fees, interest and "punitive damages are included in the amount in controversy if they are available to successful plaintiffs under a statutory cause of action")(*citing* <u>Markowitz v. Northeast Land Co.</u>, 906 F.2d 100, 103 (3d Cir. 1990)).

22. Removal is timely under 28 U.S.C. § 1446 (b), because less than thirty (30) days have elapsed since service of the Complaint on State Farm.

23. State Farm will give written notice of the filing of this Notice to Plaintiff, as required by 28 U.S.C. § 1446 (d).

24. A copy of this Notice will be filed with the Prothonotary of Philadelphia County, as required by 28 U.S.C. § 1446 (d).

**WHEREFORE,** Defendant, State Farm Mutual Automobile Insurance Company, requests that this action proceed in this Court as a Civil Action properly removed.

Respectfully submitted,
**FORRY ULLMAN**

Dated: 04/21/2023    By:    */s/ Gary A. Drakas*
**GARY A. DRAKAS, ESQUIRE**
*Attorney ID No. 73440 / Attorney for Defendant*
One Bethlehem Plaza
Broad and New Streets, Suite 400
Bethlehem, PA  18018
610.332-3400 / FAX 610.322.3401
gdrakas@forryullman.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT INSELBERG,<br>    Plaintiff | : | CIVIL ACTION |
| | : | |
| | : | NO. |
| vs. | : | |
| | : | ASSIGNED TO: |
| STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY, d/b/a and t/a<br>STATE FARM, | : | |
|     Defendant | : | JURY TRIAL DEMANDED |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 21st day of April, 2023, a true and correct copy of State Farm's Notice of Removal was filed electronically and is available for viewing on the Court's ECF system. Counsel for the Plaintiff is an electronic filer and service was effectuated electronically upon the following:

Alvin F. de Levie, Esquire<br>
1376 Haymaker Road<br>
State College, PA 16801

This statement is made subject to the penalties of 18 U.S.C. § 1621, relating to perjury.

**FORRY ULLMAN**

Dated: 04/21/2023     By:     */s/ Gary A. Drakas*
**GARY A. DRAKAS, ESQUIRE**
*Attorney ID No. 73440*
*Attorney for Defendant*
One Bethlehem Plaza
Broad and New Streets, Suite 400
Bethlehem, PA 18018
610.332-3400 / FAX 610.322.3401
gdrakas@forryullman.com